Filed 12/21/20  P. v. McRorie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090886 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 15F4557, 15F4627) |
| v. | |
| ROBERT VERNON MCRORIE, | |
| Defendant and Appellant. | |

Defendant Robert Vernon McRorie was convicted of the unlawful taking of a vehicle in Shasta County Superior Court, case No. 15F4627, and grand theft in Shasta County Superior Court, case No. 15F4557, and granted probation in both cases. Defendant later violated his probation and the trial court sentenced him to eight months in prison on each conviction, to be served consecutive to another prison term he was serving for a conviction in Tehama County.

On appeal, defendant contends the trial court erred when it sentenced him to consecutive eight-month terms but did not award him custody credits in both cases. We disagree and affirm the trial court's judgment.

1

## FACTS AND PROCEDURAL HISTORY

On July 5, 2015, defendant was arrested in Shasta County and released the same day.

On August 6, 2015, the District Attorney charged defendant with grand theft (Pen. Code, § 487, subd. (a); Statutory section references that follow are to the Penal Code unless otherwise stated) and vandalism (§ 594, subd. (b)(1)) in Shasta County Superior Court case No. 15F4557 (case No. 557).

The People charged defendant with numerous violations of the Vehicle Code on August 11, 2015, including the unlawful taking or driving of a motor vehicle (joyriding) (Veh. Code, § 10851, subd. (a)) in Shasta County Superior Court case No. 15F4627 (case No. 627).

On August 14, 2015, defendant (who was out of custody on bail) pleaded not guilty to the charges in case Nos. 557 and 627. On September 23, 2015, the trial court issued a warrant for defendant's arrest after he failed to appear for a scheduled hearing and his bond was forfeited. On October 21, 2015, defendant was released on his own recognizance with restrictions.

On October 29, 2015, defendant's trial counsel declared a doubt as to defendant's competency to stand trial and criminal proceedings were suspended.

On December 17, 2015, defendant was taken into custody "on new charges" after he failed to appear at a scheduled appointment with the court-appointed psychologist.

The trial court found defendant incompetent to stand trial on January 21, 2016, and referred him to the "Conditional Release Program."

On February 11, 2016, the trial court referred defendant to the trial competency program at the Department of State Hospitals.

On May 16, 2016, while still in custody, defendant was found competent to stand trial and criminal proceedings were reinstated.

On May 26, 2016, defendant pleaded no contest to joyriding in case No. 627, no contest to grand theft in case No. 557, and no contest to an unrelated charge of vandalism in Shasta County Superior Court, case No. 15M5726. The trial court dismissed the balance of the charges in case Nos. 627 and 557, as well as several other pending cases. The parties agreed defendant's maximum state prison sentence was three years eight months. The trial court placed defendant on three years informal probation in each case, awarded him 317 days of custody credit (175 actual and 142 conduct), and immediately released defendant from custody.

On September 28, 2016, defendant failed to appear for a scheduled hearing; the trial court issued a warrant for his arrest, and on February 2, 2017, he was taken into custody. On February 3, 2017, the People petitioned the court to revoke defendant's probation alleging his failure to appear but on February 16, 2017, the People dismissed their petition.

On May 8, 2017, defendant was once again released from custody.

On February 27, 2018, the People filed another petition to revoke defendant's probation alleging that on November 2, 2017, defendant committed new criminal offenses; specifically, violations of Vehicle Code sections 20002 and 14601 (both misdemeanors). The trial court granted the People's petition and issued a warrant for defendant's arrest.

Defendant was arrested on March 11, 2018, in Tehama County for felony evading a peace officer in violation of Vehicle Code, section 2800.2.

On May 16, 2019, while still in custody in Tehama County, the Tehama County Superior Court sentenced defendant to nine years in state prison and awarded him 851 days of custody credit.

Defendant was returned to Shasta County on September 20, 2019, where he was arraigned on the pending misdemeanor charges, as well as the February 27, 2018, petition to revoke his probation in case Nos. 557 and 627. Defendant admitted the allegations in

3

the petition to revoke his probation.  Accordingly, the trial court terminated defendant's probation and sentenced him to eight months in state prison in case No. 557, and another eight months in case No. 627.  The court ordered those terms to be served consecutive to each other and consecutive to the nine-year term imposed by the Tehama County Superior Court.

The trial court awarded defendant 337 days of custody credit (169 actual and 168 conduct).

## DISCUSSION

On appeal, defendant contends the trial court erred by not awarding him custody credits twice:  in case No. 557, *and* in case No. 627.

### A.  Calculation of Custody Credits

The People note the trial court did not correctly calculate the number of actual days defendant was in custody prior to being sentenced in Shasta County.  Defendant agrees with the People's calculation.  We also agree.

Defendant was in custody for one day from October 20 to 21, 2015.  After his release on October 21, 2015, defendant remained out of custody until December 17, 2015, when he was remanded on new charges.

Beginning December 17, 2015, defendant remained in custody for 161 days before entering his plea in case Nos. 557 and 627 (the trial court incorrectly calculated this as 175 days).  Defendant then remained out of custody in case Nos. 557 and 627 until February 2, 2017, when he was arrested for his September 28, 2016, failure to appear and was held in custody for 95 days.

Defendant was released from custody in Shasta County on May 8, 2017.  He remained out of custody in case Nos. 557 and 627 until October 1, 2019, following his arraignment on new charges.

4

Thus, having reviewed the record, we agree the correct number of actual days defendant was in custody prior to being sentenced in Shasta County Superior Court was 257 days (1 day, plus 161 days, plus 95 days).  Thus, the total number of credits defendant should have been awarded is 514.

B.  Application of Custody Credits

Section 2900.5, subdivision (a), provides in pertinent part:  "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon his or her term of imprisonment, . . . ."

Section 2900.5, subdivision (b), provides, in relevant part, that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

Thus, "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint."  (*People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194 (*Bruner*).)  Additionally, subdivision (b) of section 2900.5, expressly prohibits the double-crediting of custody credits against separate consecutive sentences imposed for multiple offenses.  (See *Bruner,* at p. 1193 ["credit windfalls are not within the [statute's] contemplation"].)

Here, at all times that defendant was in custody in Shasta County prior to sentencing, he was in custody on both cases No. 557 and 627.  Thus neither case No. 557, nor case No. 627 where ever a "but for" cause for the earlier restraint.  (*Bruner, supra*, 9 Cal.4th at p. 1193.)  Moreover, the trial court imposed separate, consecutive sentences for defendant's convictions in two separate cases:  case Nos. 557 and 627.  It would be an

improper windfall to give defendant credit on each of those sentences for one period of pretrial custody. (*Bruner,* at p. 1191; *People v. Santa Ana* (2016) 247 Cal.App.4th 1123, 1144; § 2900.5, subd. (b).) Thus, we find no error.

### C. Ineffective Assistance of Counsel

Defendant further contends he received ineffective assistance of counsel in the trial court because trial counsel did not "demand[] credit for [him] against each of the [Shasta County] cases." "A defendant claiming ineffective assistance of counsel under the federal or state Constitutions must show . . . prejudice under a test of reasonable probability of a different outcome." (*People v. Osband* (1996) 13 Cal.4th 622, 664.)

As we discuss above, the trial court did not err in awarding custody credits to only one of defendant's Shasta County cases. Accordingly, it is unlikely defendant would have received a different result had trial counsel demanded the trial court award custody credit in each of defendant's Shasta County cases. We thus conclude defendant received effective counsel at trial.

### DISPOSITION

The judgment is affirmed.

_____

HULL, J.

We concur:

_____

RAYE, P. J.

_____

ROBIE, J.

6